IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-20019 |
| | ) | |
| GARY L. BOYLE, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S SENTENCING COMMENTARY**

The United States of America hereby submits its sentencing recommendation in support of a life imprisonment sentence, as follows.

**I.  The Defendant's Offense Conduct.[1]**

Gary Boyle sexually abused a prepubescent child in his care, recorded the abuse, and shared it among other like-minded individuals, memorializing the victim's abuse forever. PSR ¶ 10-26. In September 2020, Boyle pled guilty to seven counts of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a), and one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(b). D.E. 9/16/2020.

---

[1] Our citations to the record use the following abbreviations: "D.E." means docket entry or text order; "R." followed by a number refers to the document bearing that number on the district court's docket sheet in this case; "PSR" references the revised presentence report dated January 4, 2021, (R.60). The government also proffers portions of the discovery material, referenced by their bates page numbers for defense counsel's reference, if disputed the government can submit exhibits and/or testimony at sentencing.

It is clear from Boyle's statements to the probation officer that he wants to minimize his conduct and hopes this court will not impose *any* penalty for the crimes he committed here. PSR ¶135. Boyle attempts to distract from his own abhorrent conduct, by identifying decades-old abuse he allegedly suffered at the hands of his parents, his cousin, his brother, and a babysitter. PSR ¶132. Despite the severity of the abuse Boyle reported to the probation officer, the length of time he allegedly endured it, and the number of people who perpetrated apparent sadistic abuse upon him, none of the information he reported was verified. *Id*. It is the government's position that Boyle is a manipulative pedophile, who consumes young children for his own sexual pleasure and this Court's sentence should reflect the seriousness of his crime and the danger he poses to the community.

The evidence demonstrates that Boyle was an avid collector of child pornography and participated in child exploitation groups where he traded child pornography and ultimately lived-streamed the abuse of the victim. PSR ¶¶14-18, 19. Boyle's own child pornography collection, which included violent images of toddlers penetrated by adult men and six to eight-year-old children nude and bound with rope at their wrists, did not satisfy him; he exploited a child in his care for his own prurient pleasure and the sadistic pleasure of his group members. Bates 71-72. The members of Boyle's group were located throughout the United States and world-wide. Bates 46-51. The victim was only eight years old at the time. PSR ¶22.

In one video, Boyle directs the child to say, "do you want to fuck my pussy," which she repeats back to him while her fingers are in her vagina. PSR ¶16(g). In another video,

Boyle memorializes inserting his penis in the child's mouth. PSR ¶16(d). Another video shows Boyle's penis between the child's breasts while she presses each side of her chest against his penis. PSR ¶16(c). The other images depict the child is various states of undress with clothing inappropriate for an eight-year-old. PSR ¶16.

## II. The Defendant's Objections

### A. Two-Level Use of Computer Enhancement – Count Eight, PSR ¶ 98

Boyle objects to the application of this enhancement. While the government agrees that this enhancement is legally appropriate, in general this Court can, and often does, find that the enhancement does not accurately reflect a risk factor that warrants an increase in a defendant's offense level because it is so widely applicable given the use of computers and the internet in modern society. Here, the imposition of the computer enhancement does not change Boyle's offense level since the driving factors that support his off-the-charts guidelines range is his conduct for Counts One through Seven, the multi-unit adjustment, and his pattern of abuse of minors. PSR ¶104-108. This Court can therefore find this objection moot.

### B. Defendant's Criminal History, PSR ¶ 123

Boyle claims that his criminal history category overrepresents his criminal history. To the extent the defendant claims that factual statements in the PSR are inaccurate, he bears the burden of providing evidence to the contrary. *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007).

The government finds no inaccuracy in the PSR regarding Boyle's criminal history. If anything, his criminal history is underrepresented in the PSR because his sexual abuse

of a second minor under his care, K.H., is not detailed. PSR ¶22, 120 (dismissing counts involving this abuse as part of his plea). Further, while under court supervision for disorderly conduct for threatening another individual, Boyle committed the crimes in this case. PSR ¶121, 122. Boyle was also convicted of Predatory Criminal Sexual Assault conviction for conduct that preceded this case. PSR ¶120. Admittedly, one of Boyle's criminal history points was for a traffic offense; he was not assessed any points for his felony drug conviction or other serious traffic violations. PSR¶ 113-115. Boyle has earned his seven criminal history points and deserves to be sentenced in accordance with a criminal history category seven. PSR ¶123. Nevertheless, even if Boyle had no criminal history, his criminal conduct in this case is so aggravated that his guidelines range would be life imprisonment. U.S.S.G. Ch.5, Application Notes 1 and 2 (an offense level 43 results in an advisory range of life imprisonment regardless of the criminal history category).

### III. The Sentencing Position of the United States.

The United States anticipates that the mother of the victim will address the Court at sentencing and unless necessary to address Boyle's objections, the government will not have any further evidence in aggravation.

After calculating the guidelines range, this Court must consider the factors described in 18 U.S.C. § 3553(a) to reach a reasonable sentence, viewing the guidelines range as discretionary. *See United States v. Booker,* 543 U.S. 220, 266 (2005). As properly calculated by the Probation Office, Boyle's guideline range is life imprisonment. PSR ¶162. The statutory ranges on each of Counts One through Seven, Sexual Exploitation of

a Minor, is a mandatory minimum of 15 years to 30 years imprisonment, and on Count Eight, Possession of Prepubescent Child Pornography, is up 20 years imprisonment.

    **A.**    **Nature and Circumstances of the Offense.**

Boyle groomed a young child and the other adults in the child's life earning their trust and presenting himself as a doting caregiver. Through this manipulation, he gained unfettered access to a young children. Boyle further corrupted the child's innocence by directing the child toward his perverted sexual desires, producing horrific pornographic videos which he live-streamed and distributed to others. As a direct result of Boyle's conduct, the victim will live with specter of this abuse and exploitation for the rest of her life. As the victim stated in her impact statement to the Court, "[m]emories of my abuse plays over and over in my head…I have to grow up with this, I still have to deal with this forever." The victim will be haunted by images of her rape that will be circulated throughout the world and is left with constant doubts regarding her own self-worth. Boyle's conduct has destroyed any hope this child has of a normal adolescence and adulthood. Given his premeditated conduct and his minimization of the damage he has done to his victims, there is reason to believe that Boyle will never be rehabilitated and that a sentence that ensures that he will never have access to a child again is the best way to protect the public.

    **B.**    **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

The seriousness of this offense cannot be overstated. Boyle has affected not only the life of a minor he himself coerced and enticed; he also has caused damage to the

5

victims depicted in the images he collected from the internet. Boyle's conduct fuels an industry driven by sexual depravity. Like-minded child pornography traffickers seek younger and more violent depictions of child exploitation and abuse daily. The Court's goal in sentencing Boyle should mirror the guidelines goal to weaken that market. *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006). ("[t]he overarching goal of the sentencing guideline enhancements is to weaken the market for child pornography.") Young children were raped and degraded in order to enable the production of child pornography that Boyle downloaded. "The greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007).

His actions evince neither a respect for the law nor any acknowledgment of the serious impact to victims of child sexual abuse and child pornography. A lengthy prison sentence would thus provide just punishment for the offense.

### C. To Afford Adequate Deterrence to Criminal Conduct.

Boyle exploited minor victims in the most abhorrent way, and it is evident from his objections and minimization of his conduct, that he has no respect for the law, and no understanding of the criminality of his conduct, or the negative impact he has had on the victims' lives.

Further, Boyle is a serial predator who targets minor children for his own sexual pleasure. The most effective deterrence to this type of criminal conduct is lengthy imprisonment. A life sentence conveys to the defendant that his offenses are serious and he should respect the law. *See United States v. Kapordelis*, 569 F.3d 1291, 1318 (11th Cir.

2009) (affirming district court's upward variance to the statutory maximum "because it was unlikely that [the defendant] would be rehabilitated given his attitude and lack of remorse.")[2]

### D. To Protect the Public from Further Crimes of the Defendant and the Policy Statement of the United States Sentencing Commission.

In December 2012, the United States Sentencing Commission published a comprehensive report examining federal sentencing policy in child pornography cases.[3] In its report, the Commission detailed the significant risk offenders involved in communities like the one Boyle belonged to, in order to trade child exploitation images, pose to the community, finding:

> offenders' participation in Internet "communities" in which members promote and share child pornography validates the sexual exploitation of children and may lead to the production of new child pornography images (and the consequent sexual abuse of children) by other community members.

*Id.* at 312-13.

The Commission further found that production offenses, as here, cause a substantial impact on the victim, "[c]hild pornography offenses result in substantial and indelible harm to the children who are victimized by both production and non-

---

[2] Kapordelis was convicted of production and receipt of child pornography for conduct that took place before April 30, 2003, when the statutory penalties were increased. 569 F.3d at 1299-1305; PROTECT Act, Pub. L. No. 108-21, § 103, 117 Stat. 652-53 (April 30, 2003). Therefore, his sentence of 420 months was the statutory maximum penalty available at the time for his crimes.

[3] Federal Child Pornography Offenses, Report to Congress, United States Sentencing Commission (2012), available online at: https://www.ussc.gov/sites/default/files/ pdf/news/ congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf (last visited January 8, 2021).

production offenses." *Id*. at 330-331. Boyle, by his participation in this on-line community dedicated to distributing and producing child exploitation images, is a more serious and dangerous offender than most. His peers include fellow community members worldwide.

In addition, this Court is obligated to look at additional facts and circumstances to fashion a sentence that more appropriately addresses this particular defendant. The United States submits that the history of Boyle's manipulation of a vulnerable child and the live-stream of her abuse is ample justification for a life sentence here. Boyle used and coerced a prepubescent child for the purpose producing sexually explicit images, all while sharing her humiliation with members of his child pornography community. A sentence of life imprisonment is the only reasonable way of protecting the public from further crimes of such as child predator.

    **E.**    **To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Corrective Treatment.**

The defendant will receive medical treatment, corrective treatment and sex offender treatment through the Bureau of Prisons.

    **F.**    **The Kinds of Sentences Available.**

Under the sentencing guidelines range noted in the PSR, the defendant is in "Zone D," which requires the minimum sentence to be served as a term of imprisonment.

    **G.**    **The Need to Avoid Unwarranted Sentencing Disparities Among Defendants Found Guilty of Similar Conduct.**

The recommended Guidelines sentence of life imprisonment is not an unreasonable sentence, and certainly would not be anomalous to other production

8

convictions in federal court. Indeed, even if this Court sentenced the defendant to the statutory minimum sentence on each sexual exploitation count consecutively, to fully account for the distinct harm to the victim and the multiple incidents, the sentence imposed would be a minimum of 105 years. As the table below demonstrates, from Fiscal Year 2008 through 2019, federal judges across the country have sentenced 143 defendants who were convicted of production of child pornography offenses, particularly those involving prepubescent victims, to terms of imprisonment of 720 months (60 years) or more.

|    | District | Defendant's Name | Court Number | Prison Time (Months) |
|----|----------|------------------|--------------|----------------------|
| 1  | ALN | Simons, John Lawson | 08-CR-00408-CLS-TMP-5 | LIFE |
| 2  | ALN | Hulsey, James Shawn | 08-CR-00313-IPJ-RRA-2 | 5760 |
| 3  | ALN | McKim, Christine Staggs | 08-CR-00313-IPJ-RRA-2 | 5400 |
| 4  | ALN | Falgout, Pierre Ernest, III | 6:07-CR-00157-RDP-RRA | 11520 |
| 5  | ALN | Hayes, Gordon Elton | 4:07-CR-00062-IPJ-TMP | 3720 |
| 6  | ALN | Bailey, Murry Malone | 13-CR-00149-LSC-JEO-7 | 720 |
| 7  | ALN | Dingler, Victor Gray | 14-CR-00306-VEH-SGC-4 | 960 |
| 8  | ALN | Lee, Gregory Jerome | 16-CR-00081-VEH-TMP-5 | 1080 |
| 9  | ALN | Nelson, Jeremy Joseph | 14-CR-00372-MHH-JEO-5 | 1680 |
| 10 | ALN | Ayers, Patricia Allana | 14-CR-00117-LSC-SGC-5 | 19080 |
| 11 | ALN | Ayers, Matthew David | 14-CR-00117-LSC-SGC-5 | 9000 |
| 12 | ALS | McGee, Bernard | 10-CR-00162-CG | LIFE |
| 13 | ARW | Bates, Roger | 12-CR-20010 | 720 |
| 14 | ARW | Cunningham, Michael "Jason" | 10-CR-50095 | 720 |
| 15 | ARW | Wilson, James H. | 2:09CR20063 | LIFE |
| 16 | ARW | Baughman, Glen F. | 13-CR-50080 | 720 |
| 17 | ARW | Hanna, James | 12-CR-50073 | 720 |
| 18 | ARW | Sholds, Scott | 14-CR-50035 | 960 |
| 19 | ARW | Spiotto, Amelia Marie | 16-CR-20007 | 720 |
| 20 | ARW | Spiotto, James | 16-CR-20007 | 720 |
| 21 | CAE | Harrod, Allen | 03-CR-00384-S | LIFE |

| 22 | CAE | LaBrecque, Michael | 03-CR-00384-S | LIFE |
|---|---|---|---|---|
| 23 | CAE | Hernandez-Velazquez, Jose | 11-CR-00134-F | 720 |
| 24 | CAS | Loftin, Corey James | 11-CR-01895-JLS | 840 |
| 25 | CO | Gallegos, Luis Alfonso Aragon | 15-CR-00152 | 720 |
| 26 | CO | Wolf, Mervin Edy | 14-CR-00107 | 720 |
| 27 | CT | Sensi, Edgardo M. | 08-CR-00253 | 1020 |
| 28 | DE | Pavulak, Paul E. | 09-CR-00043-SLR | LIFE |
| 29 | FLM | Cowan, Robert Allan | 09-CR-00387-J | 1680 |
| 30 | FLM | Brandt, Wesley, Jr. | 11-CR-00058-T | 1080 |
| 31 | FLM | Sarras, Donatos | 6:07-CR-92-ORL | 1200 |
| 32 | FLM | Matthews, Samuel | 8:07-CR-247-T | LIFE |
| 33 | FLM | Cuadrado, Benjamin | 14-CR-00176-T | 960 |
| 34 | FLM | Guite, David Jacob William | 14-CR-00265-ORL | 780 |
| 35 | FLM | Hudson, Charles Franklin, Jr. | 14-CR-00040-J | 720 |
| 36 | FLM | Osman, William Edward | 13-CR-00280-ORL | 720 |
| 37 | FLM | Tatro, Joshua Adam | 15-CR-00176-ORL | 4200 |
| 38 | FLM | Graziotti, Matthew C. | 14-CR-00175-ORL | 2520 |
| 39 | FLM | Speer, Steven | 13-CR-00561-T | 1080 |
| 40 | FLN | Olmeda, Keith | 09-CR-00030-01-SPM | 1800 |
| 41 | FLS | Barber, Jason | 14-CR-60011-RNS | 720 |
| 42 | GAN | Huskey, James Bartholomew | 08-CR-00033-4 | 840 |
| 43 | GAN | Hutchinson, Tremain | 12-CR-00409-1 | LIFE |
| 44 | GAS | Rivera, Angel Luis | 11-CR-000073 | 1080 |
| 45 | IAN | Stong, Benton | 13-CR-02014 | 1320 |
| 46 | IAS | Summage, Kerwin Lamont | 08-CR-048 | 720 |
| 47 | IAS | Zollman, Timothy Ryan | 15-CR-00167 | 1440 |
| 48 | IAS | Faler, James Everett | 14-CR-00021 | LIFE |
| 49 | ID | Wilkinson, William Roger | 14-CR-00168-S-BLW | 1560 |
| 50 | ILC | Rosenbohm, Justin | 07-CR-10117 | LIFE |
| 51 | ILC | Shannon, Shawn | 15-CR-20014 | 720 |
| 52 | ILC | Hendricks, Jerry L. | 12-CR-20025 | LIFE |
| 53 | ILC | Cizmar, Teotim | 16-CR-20080 | 1680 |
| 54 | ILN | Skinner, Robert | 06-CR-00316 | 720 |
| 55 | ILN | Boroczk, Darrick C. | 09-CR-006471 | 1340 |
| 56 | ILS | Robinson, Tabitha D. | 08-CR-30234-GPM-DGW | LIFE |
| 57 | ILS | Masulla, Louise | 08-CR-30234-GPM-DGW | LIFE |
| 58 | ILS | Milligan, William | 08-CR-30234-GPM-DGW | LIFE |

| 59 | INN | Bour, Christopher | 13-CR-36 | LIFE |
|---|---|---|---|---|
| 60 | INN | Eckstrom, Daniel T. | 13-CR-00084-02 | 2880 |
| 61 | INS | Armstrong, Mark | 09-CR-00012-DFH/MGN4 | 900 |
| 62 | INS | Hodge, Larry Everett | 11-CR-00007-RLY-WGH | 1380 |
| 63 | INS | Bostic, David Ryan | 1:11-CR-027-JMS-KPF | 3060 |
| 64 | INS | Metzger, David | 09-CR-00188-LJM/KPF1 | 2820 |
| 65 | INS | McGrath, Andrew | 1:09-CR-0169-L/F | 4440 |
| 66 | INS | Rarey, Rickie | 1:09-CR-130-M/F | LIFE |
| 67 | KS | Grigsby, Philip | 12-CR-10174-JTM | 3120 |
| 68 | KYW | Hawkins, Jason | 06-CR-00064-M | 720 |
| 69 | KYW | Davis, Tony | 12-CR-00028-B-M | 1320 |
| 70 | LAM | Miller, Paul W. | 10-CR-00102-JJB-DLD | 1680 |
| 71 | LAW | Fruge, Shelton Peter | 10-CR-00241 | 720 |
| 72 | LAW | Lolley, Curtis | 09-CR-00339 | 720 |
| 73 | MD | Davison, Jesse Aaron | 10-CR-00632 | LIFE |
| 74 | MD | Salisbury, Christopher Michael | 15-CR-00621 | 720 |
| 75 | ME | Arsenault, Patrik Ian | 13-CR-00170-B-W | 780 |
| 76 | MIE | Frazee, James | 10-CR-20082 | LIFE |
| 77 | MIE | Pierce, Michael | 16-CR-20192 | 1080 |
| 78 | MIW | Hinojosa, Michael James | 1:06-CR-93 | 1440 |
| 79 | MIW | Brown, Floyd Andrew | 12-CR-00309 | 720 |
| 80 | MIW | Cox, Jeffrey | 14-CR-00198 | 2880 |
| 81 | MOE | Parsons, Gregory Lynn | 08-CR-00518 CDP | 720 |
| 82 | MOE | Greenwell, Jeffrey | 09-CR-00757 CAS | 1200 |
| 83 | MOE | Beasley, Leland | 10-CR-00119 CEJ | 3480 |
| 84 | MOE | Martin, Michael Paul | 09-CR-00760 JCH | 1440 |
| 85 | MOW | Smith, Todd C. | 11-CR-05044-01 | LIFE |
| 86 | MOW | Littleton, Morgan | 14-CR-00168-W-GAF | 720 |
| 87 | MOW | Wiederholt, Jeffrey | 11-CR-00144-01-W-GAF | 840 |
| 88 | MOW | Hajny, James | 14-CR-05022-01 | 1200 |
| 89 | MSN | Robinson, Brian | 11-CR-00049-3-A | 720 |
| 90 | MT | Herbst, Basil | CR 07-103-BLG-JDS | 840 |
| 91 | MT | Fox, Ralph | CR 07-47-M-DWM | 1320 |
| 92 | MT | Threadgill, Kenneth | CR 07-89-GF-SEH | 1020 |
| 93 | NCE | Johnston, Dennis | 09-CR-00072 | 720 |
| 94 | NCM | Hallman, David Matthew | 12-CR-00010 | 1440 |
| 95 | NH | Goergen, Ronald | 10-CR-00117-JD | 720 |
| 96 | NYN | Ketcham, Cory J. | 11-CR-00057 | 720 |

| 97  | NYN | Russell, Richard, Jr.    | 08-CR-00545      | 720  |
|-----|-----|--------------------------|------------------|------|
| 98  | NYN | Salmon, Brett            | 11-CR-00364      | 761  |
| 99  | NYN | Hamilton, Wayne          | 11-CR-00555      | 1800 |
| 100 | NYN | Rood, Flay               | 10-CR-00149      | LIFE |
| 101 | NYN | Sacco, Dean              | 08-CR-00077      | LIFE |
| 102 | NYN | Brown, James K           | 10-CR-00590      | 720  |
| 103 | NYN | Brown, Nathan            | 12-CR-00145      | 720  |
| 104 | NYN | McCoy, Robert            | 14-CR-00291      | 960  |
| 105 | NYN | McLaughlin, Robert V.    | 14-CR-00320      | 720  |
| 106 | NYN | Whitt, Dennis            | 14-CR-00318      | 720  |
| 107 | NYN | Howells, Stephen M., II  | 14-CR-00340      | 6960 |
| 108 | NYN | Staples, Ryan            | 13-CR-00440      | 1080 |
| 109 | NYS | Davis, William           | 07 CR 0468       | 1440 |
| 110 | NYW | Luczkowiak, Roger S.     | 11-CR-00392S     | 840  |
| 111 | NYW | Tyson, Joseph M.         | 06-CR-06127CJS   | 780  |
| 112 | OHN | Israel, Timothy B.       | 10-CR-00347      | 840  |
| 113 | OHN | Lennard, Shawn M.        | 09-CR-00444      | 1080 |
| 114 | OHS | Guy, David A.            | 15-CR-00018-1    | 1020 |
| 115 | OHS | Napier, James O.         | 13-CR-00016-1    | 2880 |
| 116 | OR  | Rockett, Steven Douglas  | 13-CR-00557      | 720  |
| 117 | PAE | Mazer, Steven            | 12-CR-00546      | 720  |
| 118 | PAM | Curran, Daniel           | 13-CR-00259      | 840  |
| 119 | TNE | Becker, David Aaron      | 3:07-CR-22       | LIFE |
| 120 | TNM | Turner, Jarratt A.       | 3:15-CR-00093    | 1260 |
| 121 | TNM | Green, Daniel W.         | 10-CR-00098      | 960  |
| 122 | TNM | Souders, Richard A.      | 14-CR-00164      | 720  |
| 123 | TXE | Stewart, James Rustin    | 09-CR-00159-1    | 1080 |
| 124 | TXN | Buck, Shannon            | 14-CR-00354-B-DL | 720  |
| 125 | TXN | Kutej, Jonathan Daniel   | 14-CR-00074-Y-FW | 720  |
| 126 | TXN | Walker, Stephen          | 14-CR-00487-B-DL | 720  |
| 127 | TXN | Williams, Kelly Dan, Jr. | 15-CR-00169-Y-FW | 720  |
| 128 | TXN | Winner, Ryan Anthony     | 15-CR-00013-O-WF | 720  |
| 129 | TXN | Rinehart, Timothy        | 13-CR-00091-B-DL | 2160 |
| 130 | TXS | Aleman, Daniel H., II    | 15-CR-00425-C    | 720  |
| 131 | TXS | Niver, William Lee       | 15-CR-00155-H    | 960  |
| 132 | TXS | Perez, John Anthony      | 16-CR-00310-C    | 750  |
| 133 | TXW | Carmony, Charles Wayne   | SA08CR036        | LIFE |
| 134 | TXW | Callaway, Harold Bruce   | 13-CR-00187-M    | 1440 |
| 135 | TXW | Moreno, Luis             | 11-CR-00882-S    | 1140 |
| 136 | TXW | Simmons, Gemase Lee      | 12-CR-00108-S    | 5760 |

| 137 | VAE | Martinez, Scottie Lee | 10-CR-00122 | 960 |
| --- | --- | --- | --- | --- |
| 138 | VAE | Scott, Robert Harold, Jr. | 13-CR-00164-2 | LIFE |
| 139 | VAW | Cobler, James Robert | 12-CR-00026 | 1440 |
| 140 | VAW | Dowell, John Stuart | 11-CR-00045 | 960 |
| 141 | VAW | Nofsinger, Richard Denny, Jr. | 16-CR-00032 | 720 |
| 142 | VT | Jacques, Michael S. | 08-CR-00117-WKS | LIFE |
| 143 | WAE | Streetman, Dan | 16-CR-00078-RMP | 720 |

Indeed, in cases where the sentencing court specifically found that a child pornography producer (not distributor or possessor) was also a repeat child sex offender pursuant to § 4B1.5, most if not all courts imposed sentences at the statutory maximum sentence or close to the guideline range. *See, e.g., Oberg*, 877 F.3d at 263 (absent the statutory maximum, the guideline sentence would have been life imprisonment on each count, given an adjusted offense level of 43 and criminal history category of I, the district court sentenced the defendant to a 30–year statutory maximum on each count under § 2251(e), to be served concurrently); *United States v. Craig,* 420 Fed.Appx. 605, 606, 2011 WL 1740145, 1 (7th Cir. 2011) (same); *United States v. Eckstrom*, 626 F. App'x 640, 642 (7th Cir. 2015) (the recommended guideline range was life, the district court imposed a sentence of consecutive maximum terms of imprisonment on seven counts of producing child pornography, totaling 2,880 months (240 years)); *United States v. Young,* 424 Fed.Appx. 570, 571, 2011 WL 2938078, at *1 (7th Cir. 2011) (the guidelines imprisonment range calculated to be 292 to 365 months, and the district court sentenced the defendant to 300 months); *United States v. Wheaton* 358 Fed.Appx. 742, 745, 2010 WL 21463, *2 (7th Cir. 2010) (the guideline range was life imprisonment, a sentence that the district court considered "a real possibility." Wheaton "caught a break when she pleaded guilty to only

13

one count;" the district court sentenced the defendant to the 30-year statutory maximum); *United States v. Blum*, 534 F.3d 608, 609 (7th Cir. 2008) (the district court sentenced defendant to 60 years in prison); *United States v. Eyster*, 386 Fed.Appx. 180, 183, 2010 WL 2764578, 2 (3rd Cir. 2010) (defendant sentenced to 840 months imprisonment); *United States v. Bastian*, 603 F.3d 460, 463 (8th Cir. 2010) (the defendant was sentenced to 600 months imprisonment); *United States v. Sarras*, 575 F.3d 1191, 1209 (11th Cir. 2009) (the court sentenced the defendant to 1,200 months imprisonment); *United States v. Ferguson,* 560 F.3d 1060, 1061 (9th Cir. 2009) (the court sentenced the defendant to the statutory maximum of 480 months imprisonment); *but see Price*, 775 F.3d at 841 (upholding the district court's discretion to impose a sentence of eighteen years, which was "a substantial variance from the recommended 40–year term.")

Boyle may argue that he should be afforded some consideration for sparing the victim and the government a trial and that the guideline calculations should cap his total offense level at 43 *before* applying a three-level reduction for acceptance of responsibility, rather than after. As a result, his total offense level should be 40, rather than 43, resulting in an advisory sentencing range of 292-365 months, rather than life. Unfortunately for Boyle, the guidelines clearly state both the order of their application and how this court should calculate this rare, off-the-charts offense level.

U.S.S.G. Chapter 5, Part A, Application Note 2 provides:

> In rare cases, a *total offense level* of less than 1 or more than 43 may result from application of the guidelines. A total offense level of less than 1 is to be treated as an offense level of 1. An offense level of more than 43 is to be treated as an offense level of 43.

14

(Emphasis added).

Thus, the guidelines contemplate capping the defendant's *total* offense level at 43 *after* all guidelines adjustments are made, and not, as defendant suggests, at some intermediate point in the calculus. The Seventh Circuit has specifically rejected this exact argument. *United States v. Eckstrom*, 626 Fed.Appx. 640, 641-642 (7th Cir. 2015) (unpublished) (upholding a sentence of 2,880 months for sexual exploitation of a minor, with a total offense level of 55, reduced to 43, despite defendant's acceptance of responsibility and cooperation with law enforcement).

The same result is warranted here. Boyle's total offense level was properly calculated as 43, resulting in an advisory sentencing range of life imprisonment.

## IV.  CONCLUSION

Therefore, the United States urges this Court to adopt the Guidelines as calculated, sentence Boyle to the statutory maximum on each count, and run all eight counts consecutively (2,760 months, an effective life term). Such a sentence would be procedurally reasonable as calculated under § 5G1.2(d), and substantively reasonable

based upon Boyle's history of sexually abusing and exploiting children who are in his care.

                              Respectfully submitted,

                              JOHN C. MILHISER
                                *United States Attorney*

By:    s/ELLY M. PEIRSON
         *Assistant United States Attorney*
        IL Bar No. 6298075
        201 S. Vine Street, Suite 226
        Urbana, Illinois 61802
        Telephone: (217) 373-5875
        elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on January 11, 2021, I electronically filed the forgoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

                                              s/ELLY M. PEIRSON
                                                *Assistant United States Attorney*